UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRI-STATE TRUCK CENTER, INC.
d/b/a TRI-STATE LEASING                                                                PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-410-DPJ-ASH

SAFEWAY TRANSPORT, LLC;
KH ENTERPRISE, LLC; KINA SANDERS;
KENYASCICUS SANDERS, ET AL.                                                        DEFENDANTS

ORDER

Plaintiff Tri-State Leasing (TSL) sued Defendants Safeway Transport, LLC; KH Enterprise, LLC; Kina Sanders; and Kenyascicus Sanders asserting breach of contract, fraud, and tortious/intentional interference with a contract. Compl. [1]. TSL now seeks default judgment as to Kina and Kenyascicus Sanders, *see* Mot. [25], and an order vacating a March 8, 2024 text-only order that granted TSL leave to amend its Complaint, *see* Mot. [38]. Both motions are denied.

I.     Facts and Procedural History

The underlying facts are not overly relevant to these motions and were described in the Court's November 22, 2023 Order [19], which is incorporated by reference. The procedural history is another matter. In general, Plaintiff TSL obtained default judgments against Safeway and KH Enterprise as well as a Clerk's entry of default against Kina and Kenyascicus Sanders. It then sought and received leave to amend its Complaint and did so. TSL now wants the Court to vacate the order granting its own motion for leave to amend and set aside the Amended Complaint because that pleading likely voids the defaults. It also seeks default judgment as to Kina and Kenyascicus Sanders for filing a delinquent answer to the original Complaint, though

they timely answered the Amended Complaint. Given the convoluted procedural history and unusual posture, the following chronology seems appropriate:

| | |
|---|---|
| 6/27/23 | TSL files its Complaint [1]. |
| 10/13/23 | Clerk of Court enters default against KH and Safeway [15]. |
| 10/16/2023 | TSL moves for default judgment against KH and Safeway [16]. |
| 11/22/2023 | Court grants default [19] and enters judgment [21] against KH and Safeway. |
| 12/04/2023 | Kina and Kenyascius Sanders waive service of process [22, 23]. |
| 1/24/2024 | TSL moves for clerk's entry of default [24] as to Kina and Kenyascius Sanders. |
| 1/24/2024 | **TSL moves for default judgment [25] as to Kina and Kenyascius Sanders.** |
| 1/24/2024 | Ali ShamsidDeen, Counsel for Kina and Kenyascius Sanders, enters appearance [26]. |
| 1/24 /2024 | Kina and Kenyascius Sanders answer the Complaint [27]. |
| 2/8/2024 | Clerk of Court enters default against Kina and Kenyascius Sanders [29] for failing to "timely" answer the Complaint. |
| 2/22/2024 | TSL moves [31] for leave to amend its Complaint. |
| 3/8/2024 | Court grants unopposed motion for leave to amend with text-only order. |
| 3/11/2024 | TSL files its Amended Complaint [33]. |
| 3/13/2024 | Court orders supplemental briefing on whether Amended Complaint voids default judgment against KH and Safeway [34]. |

| | |
|---|---|
| 3/21/2024 | Kina and Kenyascius Sanders file timely answers to Amended Complaint [35, 36]. |
| 3/27/2024 | TSL responds to request for additional briefing [37]. |
| 3/27/2024 | **TSL moves [38] for reconsideration of Text-Only Order that granted TSL's motion [31] for leave to amend its Complaint.** |
| 3/28/2024 | KH answers the Amended Complaint [39].[1] |
| 7/8/2024 | ShamsidDeen moves [65] to withdraw as counsel of record for Safeway, KH, Kina Sanders, and Kenyascius Sanders. (Granted by text-only order on 7/12/2024.) |
| 7/8/2024 | Jarrod Mumford files an Entry of Appearance [66] on behalf of "Kenyascicus Sanders and Kina Sanders, et al." |

Defendants never responded when TSL filed the two motions under review, nor have they asked to set aside the Clerk's entry of default against them.

I.     Standards

The two motions are intertwined. Under Federal Rule of Civil Procedure 55, default may be entered if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). While default judgments are generally not favored, "[t]his policy . . . is counterbalanced by consideration of social goals, justice and expediency, a weighing process [that] largely lies within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (internal quotation marks and citations omitted). "A default

---

[1] Attorney ShamsidDeen signed the Answer filed by KH Enterprise [39].

judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).

TSL seeks reconsideration of the order allowing it to amend its Complaint under Rule 54(b). Mot. [38] at 1. That's the correct rule because the order granting leave to amend was interlocutory. An interlocutory order "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). Thus, a district court may "reconsider and reverse its decision for any reason it deems sufficient." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

Despite Defendants' general failure to engage, the Court can act sua sponte under Rule 54(b) and when setting aside a default judgment. *McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 n.6 (5th Cir. 1993) (noting discretion to reconsider sua sponte); *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 283 (W.D. Tex. 2014) ("Although relief from a default judgment is usually granted on a motion filed by the defaulting party, district courts have the discretion to grant such relief '*sua sponte*.'").

II.   Analysis

As noted, the procedural history is messy, due in part to Defendants. That said, when TSL filed the Amended Complaint, three of the four Defendants filed timely answers.[2] At this point, no solution would seem equitable. But the Court concludes that the Amended Complaint

---

[2] The fourth (Safeway) didn't answer.

should stand and the default judgments are void, as is the Clerk's entry of default for Kina and Kenyascius Sanders.

To begin, an amended complaint supersedes and therefore voids earlier pleadings and defaults related to them.

> It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint. *See Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (noting that Fifth Circuit jurisprudence consistently reminds that an amended complaint supersedes the original complaint); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").
>
> Given that Fifth Circuit jurisprudence holds that an amended complaint supersedes the original complaint in its entirety, district courts routinely set aside entries of defaults when plaintiffs file amended complaints. *See, e.g., Rossignol v. Tillman*, Civil Action No. 10–3044, 2011 WL 1193017, at *2 (E.D. La. Mar. 25, 2011) ("[B]ecause the petition is superseded by plaintiffs' third supplemental and amending petition, the Court grants defendants' motion to set aside the entries of default."); *Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 08–1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (setting aside entry of default because plaintiff filed an amended complaint); *United States ex rel. SimplexGrinnell, L.P. v. Aegis Ins. Co.*, No. 08–1728, 2009 WL 577286, at *12 (M.D. Pa. Mar. 5, 2009) (setting aside entry of default because after plaintiff filed an amended complaint, "the original complaint no longer exists").

*Freilich*, 297 F.R.D. at 282; *see also Nat'l Cas. Co. v. KT2 LLC*, No. 3:19-CV-1926, 2020 WL 13505416, at *1–2 (N.D. Tex. Sept. 3, 2020) ("Because Plaintiff amended its complaint after the Clerk's entries of default, the Court, on its own motion, finds it necessary to set aside the entries of default.").

TSL acknowledged all this when responding to the Court's request for additional briefing. Resp. [37] at 1. But it tried to distinguish these cases by arguing that amended complaints do not supersede when they incorporate the original complaint by reference. *Id.* at 1–

5

2. As noted, an "original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *Freilich*, 297 F.R.D. at 282 (quoting *Eason*, 73 F.3d 603). But TSL did not incorporate its first Complaint, so it urges the Court not to "prioritize[e] substance over form." Resp. [37] at 2.

It is unclear whether the incorporation language in *Freilich* and other cases was meant to suggest that an original complaint could still lead to default if the amended pleading incorporated it. TSL cites no cases to support that position. In any event, TSL's Amended Complaint did not incorporate the first Complaint, so the original Complaint has "no legal effect." *Freilich*, 297 F.R.D. at 282. That voids the default judgments against KH Enterprise and Safeway and the Clerk's entry of default against Kina and Kenyascius Sanders. *Id.*

Recognizing that possibility, TSL alternatively seeks an order reconsidering the order granting its motion for leave to amend. In other words, TSL wants to void the Amended Complaint to keep the defaults intact. The only authority TSL cites is *Freilich*, but that case was different. The plaintiff there sought leave to amend, and the court explained that doing so would void the default judgments. 297 F.R.D. at 283 (denying motion for leave to amend). TSL has already filed its Amended Complaint, and most Defendants answered it.

Absent other authority, some general principles counsel against granting TSL's motion. To begin, Rule 54(b) gives the Court wide latitude to alter its prior orders. As noted above, a district court may "reconsider and reverse its decision for any reason it deems sufficient." *McClendon*, 892 F.3d at 781 (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted).

On the one hand, it's tempting to grant TSL's motion for reconsideration as unopposed and then consider whether to grant default judgment against Kina and Kenyascius Sanders. But

6

"[d]efaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)).  And when considering whether to set aside even a default judgment, the Fifth Circuit has held that absent willfulness, "relief should be granted" "[u]nless it appears that no injustice results from the default." *Id.* (quoting *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008)).

Here, there would be some injustice if the Court voided the Amended Complaint, revived the original Complaint, and then held Kina and Kenyascicus Sanders in default.  Though they have taxed the Court's patience, it is not as if they did nothing.  To begin, they waived service of process and then answered the original Complaint.  *See* Answer [27].  Those pleadings were late but were filed before the Clerk entered the default.  "[L]ate filings of . . . answers . . . could preclude default, if filed even a few months late." *Ponder v. Wersant*, No. 4:17-CV-00537, 2017 WL 5904720, at *1–2 (S.D. Tex. Sept. 29, 2017) (collecting cases).

Kina and Kenyascicus Sanders also answered the Amended Complaint—on time. Answers [35, 36].  So did KH Enterprise.  Answer [39].  After that, the magistrate judge conducted a case-management conference and discovery began.  It would therefore be prejudicial to turn back the clock and proceed as if the Amended Complaint had never been filed.  This case is still in the early stages—though behind schedule—and TSL has time to pursue its case on the merits as the Fifth Circuit "generally prefer[s]." *Stelly v. Duriso*, 982 F.3d 403, 406 (5th Cir. 2020) (reversing default judgment).  In short, there would be some injustice at this point were the Court to grant the motion for reconsideration and void the Amended Complaint.

IV. Conclusion

There is no good option for untangling the procedural history of this case. Defendants have dragged their feet and generally complicated the proceedings through their inertia. On the other hand, it seems inequitable to reverse the order allowing TSL to amend its Complaint and thus void the operative pleading after Defendants filed timely answers to it.

For the reasons stated, TSL's Motion for Default Judgment [25] and Motion for Reconsideration [38] are denied. The Amended Complaint remains the operative pleading, and Defendants are not in default. Accordingly, the Clerk's Entry of Default [15], the Order granting the motion for default judgment [19], and the Amended Default Judgment [21] as to KH Enterprise and Safeway, as well as the Clerk's Entry of Default [29] as to Kina and Kenyascius Sanders, are void; all are tied to the Original Complaint [1].

Finally, there are other pending motions before the magistrate judge seeking to hold Defendants in contempt for failing other duties and ignoring other Court orders. This Court will not comment on the merits of those motions, but Defendants should be forewarned that they may be building a record of contumacious conduct that could eventually lead to severe sanctions, including judgment.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE