UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRI-STATE TRUCK CENTER, INC.                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:23-CV-410-DPJ-ASH

SAFEWAY TRANSPORT, LLC, ET AL.                                                           DEFENDANTS

ORDER

On April 17, 2024, Plaintiff Tri-State Truck Center, Inc., propounded its first set of interrogatories and requests for production of documents to Defendants. As of June 21, 2024, Defendants had failed to serve responses, so Tri-State moved to compel. On July 8, 2024, the Court granted as unopposed Tri-State's motion and directed it to separately move for monetary sanctions in the form of its reasonable expenses and reasonable attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court's order directed Tri-State to "identify from *whom* it seeks an award of reasonable expenses and fees and brief the reasons supporting its position." Order [64] at 2 (citing Fed. R. Civ. P. 37(a)(5)(A) (authorizing the award of reasonable expenses and fees against "the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both . . .")).

Also on July 8, Defendants' original lawyer, Ali Muhammad ShamsidDeen, moved to withdraw, and attorney Jarrod Dillon Mumford entered an appearance on Defendants' behalf. The Court permitted ShamsidDeen to withdraw, and on July 15, Tri-State moved for attorneys' fees. ShamsidDeen responded in opposition, but Defendants failed to respond. After Tri-State filed its reply, ShamsidDeen filed a sur-reply, which Tri-State moved to strike. On August 13, 2024, Tri-State served its Second Set of Interrogatories and a set of Requests for Admissions. Responses to those discovery requests would have been due on September 12, 2024.

On August 25, 2024, Defendants filed a motion "requesting an extension to [serve] answers [to] Plaintiff['s] propounded discovery." Mot. [81]. The motion indicated that Defendants would "have all discovery answered by August 30." *Id.* Because it was not clear to the Court what deadline Defendants sought to extend—the deadline to respond to the first set of discovery requests that had long since passed, or the then unexpired deadline to respond to the second set of discovery requests—on September 10, 2024, the Court entered an order directing Defendants to file a supplement to their motion by September 16 "explaining precisely what deadline they are asking the Court to extend." Order [83] at 2. Defendants failed to respond, but Tri-State did, informing the Court that on September 2, 2024, "Defendants' counsel produced the . . . unverified, 'preliminary' responses of KH Enterprise." Resp. [84] ¶ 3. Those preliminary responses included no documents and no substantive responses, and none of the other three Defendants served any discovery responses.

Starting with the motion to strike, under Local Rule 7(b)(4), the briefing on a motion in this district concludes with the filing of a rebuttal or reply brief. Once a rebuttal or reply is filed, "[l]eave of court is required to file an additional brief because 'the movant is generally entitled to file the last pleading.'" *Kennedy v. Jefferson County*, No. 5:13-CV-226-DCB-MTP, 2014 WL 12773803, at *1 (S.D. Miss. Oct. 28, 2014) (quoting *Ponder Rsch. Grp., LLP v. Aquatic Navigation, Inc.*, No. 4:09-CV-332, 2009 WL 2868456, at *13 (N.D. Tex. Sept. 4, 2009)). ShamsidDeen did not obtain leave of court to file a sur-reply. The Court therefore grants Tri-State's motion and strikes the sur-reply [74].

Turning to Defendants' motion for an extension, the Court still does not know what deadline Defendants proposed to meet by August 30. And according to Tri-State's response, they

didn't meet that proposed deadline in any event. So the motion for an extension of time to respond to discovery [81] is denied.

Finally, as to the request for attorneys' fees, in its opening memorandum, Tri-State asked the Court to award it $2,646.25, jointly and severally against Defendants and ShamsidDeen, in attorneys' fees. Tri-State Mem. [69] at 1. In its reply to ShamsidDeen's response, it asked the Court to tack on an additional $182.50 incurred in drafting the reply in support of the fee motion. To this date, Defendants have failed to respond to Tri-State's motion. Tri-State's reply solely addressed ShamsidDeen's personal joint liability for Tri-State's fees.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel discovery "is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Court has already held it would award Tri-State its reasonable costs, so the two remaining questions are (1) what amount should be awarded and (2) against whom.

> Reasonable attorneys' fees are determined through a two-step process. The district court must first calculate the lodestar—"'the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.'" [*Combs v. City of Huntington*, 829 F.3d 388,] 392 [(5th Cir. 2016)] (quoting *Jiminez v. Wood* [*County*], 621 F.3d 372, 379 (5th Cir. 2010), *revised on other grounds*, 660 F.3d 841 (5th Cir. 2011) (en banc)). The lodestar is presumed reasonable, but the court may then enhance or decrease it after considering the twelve *Johnson* factors.

*Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (footnotes and additional citations omitted); *see Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

The Court finds Tri-State's attorney reasonably expended 7.25 hours in attempting to obtain discovery responses from Defendants.[1] And it finds the hourly rate of $365 is within the realm of the prevailing hourly rate in the community for similar work. McCullough Decl. [68-1] ¶ 11. Thus, the lodestar amount is $2,646.25. And having fully considered the *Johnson* factors, the Court concludes neither an enhancement nor a reduction is appropriate. Tri-State is entitled to a fee award of $2,646.25.

That award should be borne by Defendants themselves, not ShamsidDeen. ShamsidDeen states that he "diligently attempted to schedule meetings with the defendants to discuss the discovery requests" but was unable to do so. ShamsidDeen Mem. [72] ¶ 3; *accord id.* ¶ 4 (describing "[D]efendants' ongoing inability to participate in the discovery process"). Maybe ShamsidDeen could have begun attempting to obtain his clients' responses to discovery sooner than he did, but the record suggests that the fault ultimately lies with Defendants themselves. The Court therefore orders that Safe Way Transport, LLC, KH Enterprise LLC, Kina Sanders, and Kenyascicus Sanders be jointly and severally liable for the $2,646.25 attorneys' fee award.

The Court has considered all arguments. Any not specifically addressed would not have changed the outcome. For the reasons stated, Tri-State's Motion to Strike [75] is granted, and SamsidDeen's Sur-Reply [74] is stricken. Defendants' motion for an extension [81] is denied.

---

[1] The Court will award Tri-State the fees incurred in preparing the fee application but not its reply to ShamsidDeen's response, given that the Court finds ShamsidDeen's conduct did not necessitate Tri-State's motion to compel. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995) (holding district court has discretion to "award costs and fees for time spent litigating a cost or fee request").

4

Tri-State's Motion for Attorneys' Fees [68] is granted in part. Safe Way Transport, LLC, KH Enterprise LLC, Kina Sanders, and Kenyascicus Sanders are jointly and severally liable to pay Tri-State $2,646.25 in attorneys' fees.

**SO ORDERED AND ADJUDGED** this the 23rd day of September, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE