UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRI-STATE TRUCK CENTER, INC.                                       PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:23-CV-410-DPJ-ASH

SAFEWAY TRANSPORT, LLC, ET AL.                              DEFENDANTS

## REPORT AND RECOMMENDATION

On July 8, 2024, the Court ordered Defendants to serve full and complete responses to Plaintiff Tri-State Truck Center, Inc.'s discovery requests on or before July 22, 2024. On July 29, having still not received discovery responses from Defendants, Tri-State filed a motion for contempt and an award of costs, fees, and penalties. Tri-State Mot. [76]. Defendants failed to respond to the motion, and the time to do so under the Local Rules has now expired. Having considered Tri-State's motion and memorandum, the record, the applicable law, and the arguments of counsel at an in-person hearing, the undersigned recommends that the district judge conduct a hearing to consider holding Defendants in contempt for failing to comply with their discovery obligations and several orders of the Court.

Federal Rule of Civil Procedure 37(b)(2)(A) controls when a party fails to obey a discovery order; it provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . .
>
> . . . .
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Tri-State asks the Court to hold Defendants in civil contempt for failing to comply with the Court's discovery order. *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91

(5th Cir. 2002) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions."). "[T]he elements of civil contempt are '(1) that a court order was in effect, . . . (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.'" *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) (quoting *Fed. Deposit Ins. Corp v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)) (emphasis omitted). In civil, non-consent cases, where an act constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) ("The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt."). The magistrate judge may, if necessary, conduct a hearing to determine whether the moving party can establish a prima facie case of contempt. *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008).

The undersigned held a hearing on the contempt motion on October 1, 2024. William Dement Drinkwater, counsel for Tri-State, and Jarrod Dillon Mumford, counsel for Defendants,

2

appeared.[1] Having heard from the parties, the Court now certifies these facts that constitute civil contempt of court:

1. Tri-State served the following written discovery requests on April 17, 2024:

    a. First set of interrogatories and requests for production of documents to Safeway Transport, LLC;

    b. First set of interrogatories and requests for production of documents to KH Enterprise, LLC;

    c. First set of interrogatories and requests for production of documents to Kina Sanders; and

    d. First set of interrogatories and requests for production of documents to Kenyascicus Sanders. *See* Notices of Service [41 & 42]; *see also* Ex. 1 to Mot. to Compel [62-1].

2. No Defendant served responses within the 30 days provided by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A).

3. On June 21, 2024, Tri-State filed its Motion to Compel [62].

4. On June 24, 2024, the Court ordered Defendants to respond to the motion on or before July 1, 2024. Order [63].

5. Defendants failed to respond to the motion despite the Court directing them to do so.

---

[1] The Court was somewhat unclear at the outset whether Mumford represents all or only some Defendants. Mumford clarified on the record that he represents all four Defendants.

6.      On July 8, 2024, the Court granted the motion to compel as unopposed and ordered Defendants to serve full and complete discovery responses within 14 days—or by July 22, 2024. Order [64]

7.      Defendants did not serve discovery responses by July 22 as required by the Court's Order [64].

8.      Plaintiff filed its motion for contempt [76] on July 29, 2024. Defendants' response to that motion was due on or before August 12, 2024. Defendants failed to respond to the motion.

9.      On August 25, 2024, Defendants filed a motion to extend the long-since-expired deadline to respond to the outstanding discovery requests. On September 10, 2024, the Court directed Defendants to supplement and clarify that motion by September 16, 2024. Order [83]. Defendants failed to comply with that Order.

10.     On September 2, 2024, KH Enterprise served "preliminary" responses to Tri-State's interrogatories; however, KH Enterprise failed to answer the interrogatories under oath as required by Federal Rule of Civil Procedure 33(b)(3). *See* Tri-State's Resp. [84]. KH Enterprise also served "preliminary" responses to Tri-State's requests for production documents, but KH Enterprise failed to produce any documents. *See id.* According to Tri-State, KH Enterprise provided "no substantive responses" and its "objections were boilerplate, unsubstantiated, and in many cases, non-responsive to the actual discovery requests." *Id.* at 2, ¶ 3. Tri-State contends that what KH Enterprises served is so defective as to constitute no response at all. *Id.*

11.     Defendants filed no reply disputing Tri-State's characterization of KH Enterprise's preliminary discovery responses. At the hearing, Defendants' counsel did not disagree with Tri-State's categorization of KH Enterprise's preliminary unverified responses and boilerplate objections.

12. Safeway Transport, Kina Sanders, and Kenyascicus Sanders have failed to respond *at all* to Tri-State's interrogatories and requests for production of documents.

13. Defendants at the hearing expressed no disagreement with the Court's recitation of the above-certified facts.

14. At the hearing, Defendants' counsel attributed the failure to comply with the Court's several orders at least in part to his clients' failure to appreciate the seriousness of cooperating in discovery and complying with the Court's orders.[2]

Based on these certified facts, the undersigned recommends the district judge conduct a hearing pursuant to 28 U.S.C. § 636(e)(6)(B) and order Defendants' counsel, Kina Sanders, Kenyascicus Sanders, and a duly-authorized representative for both Safeway Transport and KH Enterprise (presumably either Kina or Ken Sanders) to personally appear and show cause why they should not be adjudged in contempt by reason of the facts certified by the undersigned.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

---

[2] Defendants' counsel also moved *ore tenus* for additional time to comply with the Court's orders. The Court denied that motion, but nonetheless encouraged Defendants to strive for compliance with the Court's orders before the completion of the contempt proceedings.

5

on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of October, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
