UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRI-STATE TRUCK CENTER, INC.                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:23-CV-410-DPJ-ASH

SAFE WAY TRANSPORT, LLC,
KH ENTERPRISE, LLC, KINA SANDERS,
KENYASCICUS SANDERS, ET AL.                                    DEFENDANTS

ORDER

The Court enters default judgment against Defendant Safe Way Transport, LLC, because
it has failed to defend itself.  *See Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887
(5th Cir. 1968) (holding that a district court may enter a default judgment sua sponte against a
party under proper circumstances).

I.      Facts and Procedural History

Plaintiff Tri-State Truck Center, Inc. ("TSL") is an owner and lessor of commercial
trucks and trailers, and Safe Way was a trucking company that "leased Vehicles from TSL and
took Vehicles to TSL for repairs and maintenance."  Second Amended Complaint ("SAC") [117]
at 3.  TSL sued Safe Way Transport, LLC; KH Enterprise, LLC; Ken Sanders; and Kina Sanders
on June 27, 2023.  The same attorney at first represented all Defendants.

On October 6, 2024, that attorney moved to withdraw [90], stating that his clients had not
cooperated during the discovery process.  The Court entered an order [103] granting the motion
and instructing Defendants to find new counsel by November 21, 2024.  Ken and Kina Sanders
filed a motion for extension of time [107] on November 15, 2024, which the Court granted in a
text-only order that gave them until December 12, 2024, to retain counsel.  *See* Text-Order dated
11/18/2024.

1

The day before that deadline, Attorney TreMarcus Rosemon entered an appearance for Ken Sanders and KH Enterprise, LLC. No one appeared for Mrs. Sanders or Safe Way, and the deadline passed. The Court then held a status conference on December 20, 2024, during which Mrs. Sanders stated that she had been unable to find counsel for herself and Safe Way. The Court instructed Mrs. Sanders that though she could represent herself, Safe Way was required to obtain counsel. Following the conference, the Court entered an order [111] giving Mrs. Sanders another extension until January 24, 2025, to find an attorney. That date passed without an attorney appearing for Mrs. Sanders or Safe Way, and Mrs. Sanders sought no other extensions.

As a last resort, the Court entered an order [116] on February 3, 2025, giving Mrs. Sanders one final opportunity to find counsel for herself and Safe Way by February 11, 2025. In its order, the Court further warned that failure to retain counsel would result in default judgment against Safe Way and a finding that Mrs. Sanders represents herself pro se. Order [116] at 2 (citing *Great Am. Assurance Co. v. Gulfport Express, Inc.*, No. 1:22-CV-162-LG-RPM, 2023 WL 7995751, at *3 (S.D. Miss. May 2, 2023)). That deadline also passed without an attorney making an appearance for these Defendants and without another request for more time.

In all, this case has now been pending since June 2023, yet Safe Way remains unrepresented. It has also failed to answer despite acknowledging service of process. *See* Acknowledgment of Service [13].

II.    Standard

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). But "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*,

562 F.2d 343, 345 (5th Cir. 1977)).  "In fact, 'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Extreme situations include "when the adversary process has been halted because of an essentially unresponsive party."  *Sun Bank of Ocala,* 874 F.2d at 276 (quoting *H.F. Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).  When that happens, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  *H.F. Livermore*, 432 F.2d at 691.

III.    Analysis

The Court follows a three-step analysis to determine whether default judgment is appropriate.  First, is a default judgment procedurally warranted?  Second, do the pleadings support a default judgment?  Third, what relief, if any, should the plaintiff receive?  *Helena Agri-Enter., LLC v. Grand Oak Farms*, No. 3:23-CV-193-DPJ-FKB, 2023 WL 7713645, at *3 (S.D. Miss. Nov. 15, 2023) (citing *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015)).

A.    Is Default Judgment Procedurally Warranted?

To find whether a default judgment is procedurally warranted, the Fifth Circuit applies six factors enumerated in *Lindsey v. Prive Corp.*:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

161 F.3d at 886, 893 (5th Cir. 1998) (bracketed numerals added); *see J & J Sports*, 126 F. Supp. 3d at 814.  These factors support an entry of default judgment against Safe Way.

First, there are no material issues of fact because, in the last 20 months, Safe Way has failed to answer TSL's Complaint and Amended Complaint. *See Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) (explaining that where no responsive pleading filed, no material facts in dispute) (citations omitted); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact").

Second, substantial prejudice exists because Safe Way's refusal to find counsel or otherwise defend itself has already brought "the adversary process to a halt." *J & J Sports*, 126 F. Supp. 3d at 814 (explaining that defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest").

Third, the grounds for default are clearly established. As a corporation, Safe Way cannot appear in federal court without a licensed attorney. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). So, for almost four months, the Court has tried to persuade Safe Way to retain counsel, including three orders [103,111,116], two sua sponte extensions, and one status conference. The Court even warned that default judgment would result if Safe Way remained unrepresented, which it did. Order [116]. The grounds for default are therefore clear. *See Flaksa,* 389 F.2d at 887 ("It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.").

Fifth, default is not a harsh result. Safe Way and the other Defendants lost their attorney because, according to him, they refused to cooperate in litigation. In addition, Safe Way has neither answered nor defended itself in the 20 months since TSL sued. And, as noted, Safe Way has remained unrepresented for nearly four months despite receiving every opportunity to find

counsel and being warned that default judgment would be entered. *See* Orders [103, 111, 116]. The final deadline expired with no word from Safe Way; default judgment is not a harsh result. *See Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, No. 2:21-CV-00397, 2022 WL 1811371, at *2 (E.D. Tex. June 2, 2022) (noting that potential harshness of default judgment mitigated by defendant's "failure to appear, or otherwise answer").

As for the fourth and sixth factors, Safe Way offers no excuse, and given this history, the Court anticipates no "good cause" to set aside the default if later asked to do so. *See* Order [116] at 2. "When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default." *Great Am. Assurance Co.*, 2023 WL 7995751, at *3 (quoting *Mount Vernon Fire Ins. v. Obodoechina*, No. CIV. A. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb. 19, 2009)).

This case has been in legal limbo long enough; as the Court stated in its previous order, "it cannot keep this case on indefinite hold." Order [116] at 1. The Court therefore finds that default judgment is procedurally warranted. Next the Court determines whether default judgment is substantially justified.

B.      Do the Pleadings Support Default Judgment Against Safe Way?

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr.*, 515 F.2d at 1200). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr.*, 515 F.2d at 1206. But a defendant's default "does not in itself warrant the court in entering a default judgment." *Id.* A pleading supports a default judgment if it passes muster under Federal Rule of

Civil Procedure 8. *Wooten*, 788 F.3d at 498. And that rule requires only that the complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Having thoroughly reviewed the pleadings and applicable law, the Court finds that TSL has stated claims against Safe Way as alleged in the Amended Complaint. But as discussed next, a damages award may be inappropriate at this time because Safe Way is the only Defendant in default.

      C.    *Frow* Issue

When fewer than all defendants are in default, the "general rule" is that "a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Willis v. Seminole Furniture, LLC*, No. 1:19-CV-36-GHD-DAS, 2020 WL 8736325, at *1 (N.D. Miss. Aug. 27, 2020) (quoting *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987)). This rule originates with *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). There, the Supreme Court held:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants . . . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Id.* at 554. This rule applies when the liability is joint and several. *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010). The rationale behind *Frow* is to avoid inconsistent judgments. *See Escalante v. Lidge*, F.4th 486, 495 (5th Cir. 2022).

In Count II, TSL asserts a fraudulent-transfer claim collectively against Safe Way and the non-defaulting Defendants. *See* SAC [117] at 17. TSL also seeks the same remedies against

Safe Way as it does against the non-defaulting Defendants. *Id.* at 18. Liability as to Count II appears to be joint and several.

Because a potential *Frow* issue exists, the Court will enter default against Safe Way, but because the non-defaulting Defendants are presently defending this suit, "a judgment is withheld pending a decision on the merits" as to those Defendants. *Raleigh Cycle*, 1987 WL 11889, at *1 (citing *Frow*, 82 U.S. at 554). The Court will therefore enter default judgment against Safe Way as to liability only. And to avoid inconsistent judgments, damages will be assessed after liability for the non-defaulting Defendants is resolved.

IV.    Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not affect the outcome. For the reasons stated, the Clerk of Court is instructed to enter default against Safe Way. A final judgment is withheld until the liability of the non-defaulting Defendants is resolved.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE