UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRI-STATE TRUCK CENTER, INC. D/B/A                                        PLAINTIFF
TRI-STATE LEASING

V.                                                    CIVIL ACTION NO. 3:23-CV-410-DPJ-ASH

SAFEWAY TRANSPORT, LLC; KH ENTERPRISE LLC;                               DEFENDANTS
KINA SANDERS; KENYASCICUS SANDERS; AND KJS
TRANSPORTATION, INCORPORATED

ORDER

Plaintiff Tri-State Truck Center, Inc. d/b/a Tri-State Leasing has filed a Motion to

Compel Post-Judgment Discovery Responses [194], in which it also asks the Court to award it

"all costs and attorneys' fees incurred as a result of Defendants' failure to comply with their

discovery obligations." Mot. [194]. As explained below, the Court grants Tri-State's motion in

part as unopposed.

The parties settled this dispute at a May 22, 2025 settlement conference with the

undersigned, and the case was dismissed the following day. On December 30, 2025, Tri-State

moved to enforce the settlement agreement, and on February 20, 2026, the undersigned entered a

Report and Recommendation recommending the Court grant Tri-State's motion. On March 12,

2026, Edward Blackmon, Jr., entered an appearance on behalf of all but one of the defendants—

Blackmon appeared on behalf of Safeway Transportation, LLC; KH Enterprise, LLC;

Kenyascicus (Ken) J. Sanders; and Kina Sanders, but not KJS Transportation, Incorporated.[1]

---

[1] Graham P. Carner and TreMarcus D. K. Rosemon are still listed as counsel for KJS, an entity of which Ken Sanders is described as the President in the settlement agreement. But Rosemon informed Tri-State's counsel on July 2, 2025, that they no longer represented Ken Sanders. Presumably the termination of their representation of Ken Sanders likewise terminated their representation of all the related entities.

Defendants did not object to the undersigned's Report and Recommendation, and on March 13, 2025, Judge Jordan adopted it and entered an Agreed Consent Judgment.

On April 24, 2026, Tri-State served five sets of post-judgment interrogatories and requests for production—one set for each defendant. Defendants never responded to that discovery, and on June 14, Tri-State's counsel informed Blackmon that if Defendants did not serve responses by June 17, Tri-State would move to compel. Defendants failed to serve discovery responses, so Tri-State filed its motion on July 7. Though Blackmon signed the good-faith certificate attached to Tri-State's motion and indicated that Defendants opposed the motion, Defendants failed to respond to the motion, and the time to do so under the local rules has now expired.

Local Rule 7(b)(3)(E) provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." The Court grants the motion to compel as unopposed as to the parties Blackmon represents—Ken and Kina Sanders, Safeway, and KH Enterprise—and orders them to provide responses to the discovery requests within 14 days of the entry of this Order. The motion is denied without prejudice as to KJS because there is no indication Tri-State served the motion to compel on that apparently unrepresented party.

As for Tri-State's request for costs and fees, it is conditionally granted: Tri-State must separately file a supported motion that details the costs and fees it seeks. That motion should be filed within 14 days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

2